# EXHIBIT A



# Service of Process Transmittal

11/24/2020
CT Log Number 538644264

| | |
|---|---|
| **TO:** | John Crane Asbestos .<br>Smiths Group<br>227 W Monroe St Ste 1800<br>Chicago, IL 60606-5053 |
| **RE:** | **Process Served in Massachusetts** |
| **FOR:** | John Crane Inc.  (Domestic State: DE) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | ARNOLD L. PRITT and RUTH A. PRITT, PLTFS. vs. AIR & LIQUID SYSTEMS CORPORATION, ETC., ET AL., DFTS. // TO: John Crane, Inc.<br>*Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # 202811 |
| **NATURE OF ACTION:** | Asbestos Litigation - Personal Injury |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Boston, MA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 11/24/2020 at 12:19 |
| **JURISDICTION SERVED :** | Massachusetts |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 11/24/2020, Expected Purge Date: 11/29/2020<br><br>Image SOP<br><br>Email Notification,  John Crane Asbestos .  legal-service@johncrane.com<br><br>Email Notification,  Christopher S. Doherty  cdoherty@mgmlaw.com<br><br>Email Notification,  Christopher Doherty  CDoherty@mgmlaw.com<br><br>Email Notification,  Lindsay Whalen  lwhalen@mgmlaw.com<br><br>Email Notification,  Callie Dougherty  cdougherty@mgmlaw.com |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>208 South LaSalle Street<br>Suite 814<br>Chicago, IL 60604 |
| **For Questions:** | 866-331-2303<br>CentralTeam1@wolterskluwer.com |

Page 1 of  1 / DK

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



# DUFFY
## —LAW—

November 20, 2020

**VIA HAND DELIVERY**

John Crane, Inc.
c/o C.T. Corporation System
155 Federal Street, Suite 700
Boston, MA 02110

Re:   **Arnold L. Pritt, et al. v. Air & Liquid Systems Corp., et al.**
      **Middlesex Superior Court, Woburn, Massachusetts, C.A. No. 20-2811**

Dear Sir or Madam:

   Please be advised that John Crane, Inc. is a defendant in the above-referenced asbestos products liability action filed on November 18, 2020 in Middlesex Superior Court in Woburn, Massachusetts.

   Service of process under the Massachusetts Rules of Civil Procedure is made pursuant to Rule 4(d)(2) by delivering a copy of the enclosed Summons and Complaint to your registered agent in the Commonwealth.

   Also enclosed is a copy of the Civil Action Cover Sheet.

   Kindly refer the enclosed materials to your attorney and/or insurance carrier without delay. Thank you.

Very truly yours,

Christopher P. Duffy

Enclosures

**Christopher P. Duffy, Esq.**
Attorney | Owner

**Duffy Law LLC**
300 Trade Center, Suite 7640  |  Woburn, MA 01801
duffy@cpduffylaw.com |  Office: (978) 414-5714

## Commonwealth of Massachusetts

MIDDLESEX,SS.

**ARNOLD L. PRITT and
RUTH A. PRITT,**

_____, PLAINTIFF(S),

v.

**AIR & LIQUID SYSTEMS CORP., ET AL.**
_____, DEFENDANT(S)

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. _____ **20-2811** _____

### SUMMONS

THIS SUMMONS IS DIRECTED TO **JOHN CRANE, INC.** _____ . (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the **MIDDLESEX SUPERIOR** Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2. **How to Respond.** To respond to this lawsuit, you must file a written response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:
   a. Filing your **signed original** response with the Clerk's Office for Civil Business, ~~MIDDLESEX~~ Court, **WOBURN, MA** (address), by mail or in person, **AND**
   b. Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following address: **Duffy Law LLC, 300 Trade Center, Suite 7640, Woburn, MA 01801**

3. **What to include in your response.** An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12.** If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov.courts/case-legal-res/rules of court.

4. **Legal Assistance.** You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.
5. **Required information on all filings:** The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Judith Fabricant, Chief Justice on _____, 20 ___.

_____
Michael A. Sullivan
Clerk-Magistrate

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

## PROOF OF SERVICE OF PROCESS

I hereby certify that on _____, 20 ___, I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the following manner (See Mass. R. Civ. P. 4(d)(1-5)):

_____
_____
_____

Dated: _____, 20 ___    Signature: _____

**N.B.    TO PROCESS SERVER:**

**PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX - BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.**

, 20___

COMMONWEALTH OF MASSACHUSETTS

| | |
|---|---|
| MIDDLESEX, SS | SUPERIOR COURT<br>DEPARTMENT OF THE<br>————————————————X  TRIAL COURT |
| ARNOLD L. PRITT and RUTH A. PRITT, | CIVIL ACTION NO. |
| Plaintiffs, | RECEIVED<br>11/18/2020 |
| v. | |
| AIR & LIQUID SYSTEMS CORPORATION,<br>  as successor-by-merger to BUFFALO<br>  PUMPS, INC.<br>GENERAL ELECTRIC COMPANY<br>JOHN CRANE INC.<br>VIACOMCBS INC., f/k/a CBS Corporation,<br>  f/k/a Viacom Inc., successor by merger to<br>  CBS Corporation, f/k/a Westinghouse<br>  Electric Corporation, individually and as<br>  successor-in-interest to BF Sturtevant Co. | COMPLAINT<br><br>PLAINTIFFS DEMAND<br>TRIAL BY JURY |
| Defendants.<br>————————————————X | |

**PARTY PLAINTIFFS**

1. Plaintiff, ARNOLD L. PRITT, resides at 6891 N. Baltimore Road, Monrovia, Morgan County, in the State of Indiana.

2. Plaintiff, RUTH A. PRITT, resides at 6891 N. Baltimore Road, Monrovia, Morgan County, in the State of Indiana.

**PARTY DEFENDANTS**

2A. AIR & LIQUID SYSTEMS CORPORATION, as successor-by-merger to BUFFALO PUMPS, INC., is a Pennsylvania corporation with its principal place of business at 726 Bell Avenue, Suite 302, Carnegie, PA 15106. AIR & LIQUID SYSTEMS CORPORATION, as successor-by-merger to BUFFALO PUMPS, INC., has conducted business in and derived

substantial revenue from the Commonwealth of Massachusetts. AIR & LIQUID SYSTEMS CORPORATION may be served through its registered agent, c/o Corporation Service Company, 80 State Street, Albany, NY 12207-2543.

2B. GENERAL ELECTRIC COMPANY is a New York corporation with its principal place of business at 5 Necco Street, Boston, MA 02210. GENERAL ELECTRIC COMPANY has conducted business in and derived substantial revenue from the Commonwealth of Massachusetts. GENERAL ELECTRIC COMPANY may be served through its registered agent, c/o C.T. Corporation System, 155 Federal Street, Suite 700, Boston, MA 02110.

2C. JOHN CRANE INC. is a Delaware corporation with its principal place of business at 6400 West Oakton, Morton Grove, IL 60053. JOHN CRANE INC. has conducted business in and derived substantial revenue from the Commonwealth of Massachusetts. JOHN CRANE INC. may be served through its registered agent, c/o C.T. Corporation System, 155 Federal Street, Suite 700, Boston, MA 02110.

2D. VIACOMCBS INC., f/k/a CBS CORPORATION, f/k/a VIACOM, INC., Successor-by-Merger to CBS CORPORATION, f/k/a WESTINGHOUSE ELECTRIC CORPORATION, Individually and as Successor-in-Interest to BF STURTEVANT CO., is a Delaware corporation with its principal place of business at 1515 Broadway, New York, NY 10036. VIACOMCBS INC., f/k/a CBS CORPORATION, f/k/a VIACOM, INC., Successor-by-Merger to CBS CORPORATION, f/k/a WESTINGHOUSE ELECTRIC CORPORATION, Individually and as Successor-in-Interest to BF STURTEVANT CO., has conducted business in and derived substantial revenue from the Commonwealth of Massachusetts. VIACOMCBS INC. may be served through its registered agent, c/o Corporation Service Company, 84 State Street, Boston, MA 02109.

As used in this Complaint, the terms "defendant," "defendants" or "defendant corporations" shall include the party defendants identified in paragraphs 2A-2D hereof, and their predecessors and successors, which shall include, but shall not be limited to, any person, corporation, company or business entity which formed part of any combination, consolidation, merger or reorganization from which any party defendant was created or was the surviving corporation or other entity, or into which any party defendant was merged, consolidated or reorganized; whose assets, stock, property, employees, customers, good will, products or product line was acquired by or from any party defendant; whose patent rights, trademark rights, trade secrets or goodwill was acquired by or from any party defendant; or, which was dominated or controlled by any party defendant to such an extent that said party defendant was the "alter ego" of said corporation.

3. Plaintiffs' cause of action arises from the defendants: (a) transacting business in Massachusetts; (b) contracting to supply and/or sell goods in Massachusetts; (c) doing or causing a tortious act to be done within Massachusetts; and/or, (d) causing the consequence of a tortious act to occur within Massachusetts.

4. Plaintiffs hereby disclaim any cause of action or claim for recovery that could give rise to federal subject matter jurisdiction under either 28 U.S.C. § 1331 (federal question) or 28 U.S.C. § 1442(a)(1) (federal officer). Specifically, Plaintiffs disclaim any cause of action or claim for recovery based on any exposure to asbestos on land that is, or was, a "federal enclave" pursuant to Article I, Section 8, Clause 17 of the United States Constitution. Plaintiffs also disclaim any cause of action or claim for recovery based on any exposure to asbestos caused by any person or entity acting under the authority of a federal officer or agency. Finally, to the extent that Plaintiff

ARNOLD L. PRITT was exposed to asbestos aboard a vessel of the United States Navy, Plaintiffs' product liability claims are based solely on the failure to warn, and not on any defects in design.

## FACTUAL BACKGROUND

5. The asbestos and asbestos-containing products to which Plaintiff ARNOLD L. PRITT was exposed were manufactured, fabricated, contracted, installed, supplied, distributed, sold, specified, required, recommended, and/or incorporated for use by the defendant corporations, acting through their duly authorized agents, servants, and employees, who were then and there acting in the course and scope of their employment and in furtherance of the business of the defendants.

6. At all times pertinent hereto, the defendant corporations were engaged in the business of manufacturing, fabricating, contracting, installing, supplying, distributing, selling, specifying, requiring, recommending, and/or using asbestos and asbestos-containing products.

7. At all times pertinent hereto, the asbestos products were products manufactured, fabricated, contracted, installed, supplied, distributed, sold, specified, required, recommended, and/or incorporated for use by the defendant corporations and reached Plaintiff ARNOLD L. PRITT without any substantial change in the condition of the product or products from the time that they were sold.

8. Plaintiff ARNOLD L. PRITT was exposed to asbestos-insulated and asbestos-containing materials while he worked in the shipyards and on ships on navigable waters. These asbestos products were advertised, marketed and sold as being capable of use aboard ships in the process of shipbuilding and the repair of ships. It was foreseeable defendants' asbestos-insulated and asbestos-containing products would be sold for installation aboard ships and that they would be fabricated and used aboard ships. Plaintiff ARNOLD L. PRITT worked aboard ships on

4

navigable waters performing tasks normally done in the course of shipbuilding and ship repair work and was thereby exposed to defendants' asbestos-insulated and asbestos-containing products. Plaintiff ARNOLD L. PRITT was also exposed to asbestos and asbestos-containing materials while he worked at various residential, commercial, and industrial sites. To the extent that Plaintiff ARNOLD L. PRITT was exposed to asbestos and asbestos-containing materials while working at various residential, commercial, and industrial sites, these asbestos materials were designed, advertised, marketed and sold as being capable of use in the ordinary course of this work. It was foreseeable defendants' asbestos products would be sold for installation at various residential, commercial, and industrial sites and that they would be fabricated and used at these sites. Plaintiff ARNOLD L. PRITT worked in his trade at various sites and was thereby exposed to defendants' asbestos products and materials.

9. From about 1961 to 1964, Plaintiff ARNOLD L. PRITT worked continuously with and around the defendants' asbestos-insulated and asbestos-containing products and equipment during his active duty service in the United States Navy. During the course of that service, Plaintiff ARNOLD L. PRITT was exposed to the defendants' asbestos and asbestos-containing products while aboard *USS Purdy* (DD-734), including while stationed at Boston Naval Shipyard in Massachusetts. Additionally, throughout his civilian employment during the 1960s and 1970s, Plaintiff ARNOLD L. PRITT worked on and around defendants' asbestos-containing electrical equipment at various times and locations.

10. During the period of time set forth in Paragraph 9, Plaintiff ARNOLD L. PRITT was exposed to and did inhale and/or ingest asbestos dust, fibers and particles, which dust, fibers, and particles came from the asbestos or asbestos-containing products which were manufactured,

5

fabricated, supplied, sold, distributed, installed, specified, required, recommended, and/or used by the defendant corporations.

11. As a direct and proximate result of working with, around, and/or near asbestos materials manufactured, designed, tested, packaged, furnished, sold, supplied, distributed, delivered, installed, specified, required, recommended, and/or otherwise placed in the stream of commerce by the defendants, Plaintiff ARNOLD L. PRITT developed malignant mesothelioma, an asbestos-related injury. He suffers and will continue to suffer serious personal injuries, endures and will endure great pain of body and mind, suffers and will continue to suffer severe mental anguish and distress, and has been required to undergo medical treatment, care, and expense. The foregoing injuries and damages are of a permanent nature or will last for an indefinite time into the future. He is likely to develop further medical problems and complications in the future.

## COUNT I

## NEGLIGENCE

12. Plaintiffs incorporate by reference paragraphs 1 through 11 above as if expressly alleged and set forth herein.

13. It was the duty of the defendant corporations to provide detailed and adequate instructions relative to the proper and safe handling and use of their asbestos and asbestos-containing products, and to provide detailed and adequate warnings concerning any and all dangers, characteristics, and potentialities of their asbestos and asbestos-containing products.

14. It was the continuing duty of the defendant corporations to advise and warn purchasers, consumers, users, and prior purchasers, prior consumers, and prior users of all dangers, characteristics, potentialities and defects discovered subsequent to their initial marketing or sale of their asbestos and asbestos-containing products.

6

15. Yet, nevertheless, wholly disregarding the aforesaid duties, the defendant corporations breached their duties by: (a) failing to warn Plaintiff ARNOLD L. PRITT of the dangers, characteristics, and potentialities of their asbestos-containing products when the defendant corporations knew or should have known that exposure to their asbestos-containing products would cause disease and injury; (b) failing to warn Plaintiff ARNOLD L. PRITT of the dangers to which he was exposed when they knew or should have known of the dangers; (c) failing to exercise reasonable care to warn Plaintiff ARNOLD L. PRITT of what would be safe, sufficient, and proper protective clothing, equipment, and appliances when working with or near or being exposed to their asbestos and asbestos-containing products; and (d) failing upon discovery of the dangers, hazards, and potentialities of exposure to asbestos to adequately warn and apprise Plaintiff ARNOLD L. PRITT of said dangers, hazards, and potentialities discovered.

16. To the extent that any of Plaintiff ARNOLD L. PRITT's asbestos exposure occurred on board vessels of the United States Navy or the construction and/or repair of such vessels, Plaintiff's negligence claims against manufacturers, sellers and suppliers of boilers, turbines, pumps, valves, and other mechanical equipment installed on such vessels are not based on the theory of defective design, but rather on the theory of failure to warn.

17. As a direct and proximate result of the unreasonable, careless, and negligent conduct of the defendant corporations, Plaintiff ARNOLD L. PRITT developed asbestos-related malignant mesothelioma. He has suffered serious personal injuries and endured and continues to endure great pain of body and mind. He has incurred and will continue to incur substantial medical expenses in connection with the treatment of his asbestos-related disease. He has been forced to restrict his usual activities. Further, his next of kin have been deprived of his services, protection, care, assistance, society, companionship, comfort, affection, guidance, counsel, and advice.

18. The defendants knew, or with the reasonable exercise of care, should have known of the dangerous characteristics, properties, and potentialities of asbestos and asbestos-containing products.

WHEREFORE, Plaintiffs demand judgment against the defendants for a reasonable amount plus statutory interest and costs and for such other relief as shall be appropriate.

## COUNT II

### BREACH OF EXPRESS AND IMPLIED WARRANTIES

19. Plaintiffs incorporate by reference paragraphs 1 through 18 above as if expressly alleged and set forth herein.

20. Plaintiff ARNOLD L. PRITT is a person whom the defendants could reasonably have expected to use, consume, or be affected by the defendants' asbestos and asbestos-containing products within the meaning of Massachusetts General Laws ch. 106, §§ 2-314 and 2-318, as the defendants knew or had reason to know that their asbestos and asbestos-containing products would be used in the shipbuilding industry and that individuals such as Plaintiff ARNOLD L. PRITT would come in contact with such asbestos materials.

21. The defendants expressly and impliedly warranted that the asbestos and asbestos-containing products described above were merchantable, safe, and fit for their ordinary purposes, and the particular purposes and requirements of Plaintiff ARNOLD L. PRITT.

22. The defendants had reason to know of the particular purposes for which their asbestos and asbestos-containing products would be used.

23. Plaintiff ARNOLD L. PRITT relied upon the defendants' skill or judgment in selecting suitable products for safe use.

24. The defendants breached these warranties in that the asbestos and asbestos-containing products they sold were not merchantable, safe, suitable, or fit for their ordinary or particular purposes.

25. To the extent that any of Plaintiff ARNOLD L. PRITT's asbestos exposure occurred on board vessels of the United States Navy or the construction and/or repair of such vessels, plaintiff's breach of warranty claims against manufacturers, sellers and suppliers of boilers, turbines, pumps, valves, and other mechanical equipment installed on such vessels are not based on the theory of defective design, but rather on the theory of failure to warn.

26. As a direct and proximate result of the defendants' breach of warranties, Plaintiff ARNOLD L. PRITT contracted asbestos-related malignant mesothelioma. Plaintiff ARNOLD L. PRITT suffered serious personal injuries, endured and will continue to endure great physical pain and suffering, and has suffered and will continue to suffer from severe mental anguish and distress. He has incurred and will continue to incur substantial medical expenses in connection with the treatment of his asbestos-related disease. Further, his next of kin have been deprived of his services, protection, care, assistance, society, companionship, comfort, affection, guidance, counsel and advice.

WHEREFORE, Plaintiffs demand judgment against the defendants for a reasonable amount plus statutory interest and costs and for such other relief as shall be appropriate.

### COUNT III

### LOSS OF CONSORTIUM

27. Plaintiffs incorporate by reference paragraphs 1 through 26 above as if expressly alleged and set forth herein.

28. RUTH A. PRITT is the spouse of Plaintiff ARNOLD L. PRITT and, at all pertinent times, was and remains his wife.

29. As a direct and proximate result of the breach of duty and wrongdoing of the defendants and the resultant injury to Plaintiff RUTH A. PRITT, as more particularly described in the preceding Counts, Plaintiff RUTH A. PRITT has suffered a loss of her right to consortium with her husband, and the loss of his services, guidance, affection, comfort, protection, society, counsel, advice, and companionship, and she has suffered great mental anguish.

WHEREFORE, Plaintiffs demand judgment against the defendants for a reasonable amount plus statutory interest and costs and for such other relief as shall be appropriate.

## DEMAND FOR TRIAL BY JURY

Plaintiffs hereby demand a trial by jury on each claim asserted or hereafter asserted by Plaintiffs and on each defense asserted or hereafter asserted by the defendants.

Respectfully submitted,
The plaintiffs,
By their attorneys,

Dated: November 18, 2020

Christopher P. Duffy, Esq.
BBO No. 648402
Duffy Law LLC
300 Trade Center, Suite 7640
Woburn, MA 01801
(978) 414-5714
duffy@cpduffylaw.com

| CIVIL ACTION COVER SHEET | DOCKET NUMBER | Trial Court of Massachusetts  The Superior Court |
|---|---|---|
| PLAINTIFF(S): ARNOLD L. PRITT AND RUTH A. PRITT  ADDRESS: 6891 N. BALTIMORE RD., MONROVIA, IN 46157 | | COUNTY Middlesex |
| | DEFENDANT(S): AIR & LIQUID SYSTEMS CORP., ET AL. | |
| ATTORNEY: CHRISTOPHER P. DUFFY, ESQ.  ADDRESS: DUFFY LAW LLC  300 TRADE CENTER, SUITE 7640  WOBURN, MA 01801  BBO: 648402 | ADDRESS: | RECEIVED  11/18/2020 |

### TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B19 | ASBESTOS | A | [X] YES  [ ] NO |

*If "Other" please describe:

Is there a claim under G.L. c. 93A?  [ ] YES  [X] NO

Is this a class action under Mass. R. Civ. P. 23?  [ ] YES  [X] NO

### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(attach additional sheets as necessary)

A. Documented medical expenses to date:
  1. Total hospital expenses .......... UNKNOWN
  2. Total doctor expenses .......... UNKNOWN
  3. Total chiropractic expenses .......... UNKNOWN
  4. Total physical therapy expenses .......... UNKNOWN
  5. Total other expenses (describe below) .......... UNKNOWN
     Subtotal (A): UNKNOWN
B. Documented lost wages and compensation to date .......... UNKNOWN
C. Documented property damages to date .......... N/A
D. Reasonably anticipated future medical and hospital expenses .......... UNKNOWN
E. Reasonably anticipated lost wages .......... UNKNOWN
F. Other documented items of damages (describe below) .......... $8,000,000

PAIN AND SUFFERING, LOSS OF CONSORTIUM

G. Briefly describe plaintiff's injury, including the nature and extent of injury:
PLAINTIFF ARNOLD L. PRITT'S EXPOSURE TO ASBESTOS FROM THE DEFENDANTS' ASBESTOS-CONTAINING PRODUCTS CAUSED HIM TO DEVELOP ASBESTOS-RELATED MALIGNANT MESOTHELIOMA

TOTAL (A-F): $ 8,000,000+

### CONTRACT CLAIMS
(attach additional sheets as necessary)

[ ] This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).
Provide a detailed description of claim(s):

TOTAL: $

Signature of Attorney/ Unrepresented Plaintiff: X _____  Date: 11/18/2020

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

### CERTIFICATION PURSUANT TO SJC RULE 1:18
I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record: X _____  Date: 11/18/2020

# CIVIL ACTION COVER SHEET INSTRUCTIONS
## SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

### AC Actions Involving the State/Municipality *

| Code | Description | Track |
|---|---|---|
| AA1 | Contract Action Involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AB1 | Tortious Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AC1 | Real Property Action involving Commonwealth, Municipality, MBTA etc. | (A) |
| AD1 | Equity Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AE1 | Administrative Action involving Commonwealth, Municipality, MBTA, etc. | (A) |

### CN Contract/Business Cases

| Code | Description | Track |
|---|---|---|
| A01 | Services, Labor, and Materials | (F) |
| A02 | Goods Sold and Delivered | (F) |
| A03 | Commercial Paper | (F) |
| A04 | Employment Contract | (F) |
| A05 | Consumer Revolving Credit - M.R.C.P. 8.1 | (F) |
| A06 | Insurance Contract | (F) |
| A08 | Sale or Lease of Real Estate | (F) |
| A12 | Construction Dispute | (A) |
| A14 | Interpleader | (F) |
| BA1 | Governance, Conduct, Internal Affairs of Entities | (A) |
| BA3 | Liability of Shareholders, Directors, Officers, Partners, etc. | (A) |
| BB1 | Shareholder Derivative | (A) |
| BB2 | Securities Transactions | (A) |
| BC1 | Mergers, Consolidations, Sales of Assets, Issuance of Debt, Equity, etc. | (A) |
| BD1 | Intellectual Property | (A) |
| BD2 | Proprietary Information or Trade Secrets | (A) |
| BG1 | Financial Institutions/Funds | (A) |
| BH1 | Violation of Antitrust or Trade Regulation Laws | (A) |
| A99 | Other Contract/Business Action - Specify | (F) |

\* Choose this case type if ANY party is the Commonwealth, a municipality, the MBTA, or any other governmental entity UNLESS your case is a case type listed under Administrative Civil Actions (AA).

† Choose this case type if ANY party is an incarcerated party, UNLESS your case is a case type listed under Administrative Civil Actions (AA) or is a Prisoner Habeas Corpus case (E97).

### ER Equitable Remedies

| Code | Description | Track |
|---|---|---|
| D01 | Specific Performance of a Contract | (A) |
| D02 | Reach and Apply | (F) |
| D03 | Injunction | (F) |
| D04 | Reform/ Cancel Instrument | (F) |
| D05 | Equitable Replevin | (F) |
| D06 | Contribution or Indemnification | (F) |
| D07 | Imposition of a Trust | (A) |
| D08 | Minority Shareholder's Suit | (A) |
| D09 | Interference in Contractual Relationship | (F) |
| D10 | Accounting | (A) |
| D11 | Enforcement of Restrictive Covenant | (F) |
| D12 | Dissolution of a Partnership | (F) |
| D13 | Declaratory Judgment, G.L. c. 231A | (A) |
| D14 | Dissolution of a Corporation | (F) |
| D99 | Other Equity Action | (F) |

### PA Civil Actions Involving Incarcerated Party †

| Code | Description | Track |
|---|---|---|
| PA1 | Contract Action involving an Incarcerated Party | (A) |
| PB1 | Tortious Action involving an Incarcerated Party | (A) |
| PC1 | Real Property Action involving an Incarcerated Party | (F) |
| PD1 | Equity Action involving an Incarcerated Party | (F) |
| PE1 | Administrative Action involving an Incarcerated Party | (F) |

### TR Torts

| Code | Description | Track |
|---|---|---|
| B03 | Motor Vehicle Negligence - Personal Injury/Property Damage | (F) |
| B04 | Other Negligence - Personal Injury/Property Damage | (F) |
| B05 | Products Liability | (A) |
| B06 | Malpractice - Medical | (A) |
| B07 | Malpractice - Other | (A) |
| B08 | Wrongful Death - Non-medical | (A) |
| B15 | Defamation | (A) |
| B19 | Asbestos | (A) |
| B20 | Personal Injury - Slip & Fall | (F) |
| B21 | Environmental | (F) |
| B22 | Employment Discrimination | (F) |
| BE1 | Fraud, Business Torts, etc. | (A) |
| B99 | Other Tortious Action | (F) |

### RP Summary Process (Real Property)

| Code | Description | Track |
|---|---|---|
| S01 | Summary Process - Residential | (X) |
| S02 | Summary Process - Commercial/ Non-residential | (F) |

### RP Real Property

| Code | Description | Track |
|---|---|---|
| C01 | Land Taking | (F) |
| C02 | Zoning Appeal, G.L. c. 40A | (F) |
| C03 | Dispute Concerning Title | (F) |
| C04 | Foreclosure of a Mortgage | (X) |
| C05 | Condominium Lien & Charges | (X) |
| C99 | Other Real Property Action | (F) |

### MC Miscellaneous Civil Actions

| Code | Description | Track |
|---|---|---|
| E18 | Foreign Discovery Proceeding | (X) |
| E97 | Prisoner Habeas Corpus | (X) |
| E22 | Lottery Assignment, G.L. c. 10, § 28 | (X) |

### AB Abuse/Harassment Prevention

| Code | Description | Track |
|---|---|---|
| E15 | Abuse Prevention Petition, G.L. c. 209A | (X) |
| E21 | Protection from Harassment, G.L. c. 258E | (X) |

### AA Administrative Civil Actions

| Code | Description | Track |
|---|---|---|
| E02 | Appeal from Administrative Agency, G.L. c. 30A | (X) |
| E03 | Certiorari Action, G.L. c. 249, § 4 | (X) |
| E05 | Confirmation of Arbitration Awards | (X) |
| E06 | Mass Antitrust Act, G.L. c. 93, § 9 | (A) |
| E07 | Mass Antitrust Act, G.L. c. 93, § 8 | (X) |
| E08 | Appointment of a Receiver | (X) |
| E09 | Construction Surety Bond, G.L. c. 149, §§ 29, 29A | (A) |
| E10 | Summary Process Appeal | (X) |
| E11 | Worker's Compensation | (X) |
| E16 | Auto Surcharge Appeal | (X) |
| E17 | Civil Rights Act, G.L. c.12, § 11H | (A) |
| E24 | Appeal from District Court Commitment, G.L. c.123, § 9(b) | (X) |
| E25 | Pleural Registry (Asbestos cases) | |
| E94 | Forfeiture, G.L. c. 265, § 56 | (X) |
| E95 | Forfeiture, G.L. c. 94C, § 47 | (F) |
| E99 | Other Administrative Action | (X) |
| Z01 | Medical Malpractice - Tribunal only, G.L. c. 231, § 60B | (F) |
| Z02 | Appeal Bond Denial | (X) |

### SO Sex Offender Review

| Code | Description | Track |
|---|---|---|
| E12 | SDP Commitment, G.L. c. 123A, § 12 | (X) |
| E14 | SDP Petition, G.L. c. 123A, § 9(b) | (X) |

### RC Restricted Civil Actions

| Code | Description | Track |
|---|---|---|
| E19 | Sex Offender Registry, G.L. c. 6, § 178M | (X) |
| E27 | Minor Seeking Consent, G.L. c.112, § 12S | (X) |

### TRANSFER YOUR SELECTION TO THE FACE SHEET

**EXAMPLE:**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | F | ☒ YES  ☐ NO |

## STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

**DUTY OF THE PLAINTIFF** - The plaintiff shall set forth, on the face of the civil action cover sheet (or attach additional sheets as necessary), a statement specifying the facts on which the plaintiff relies to determine money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served with the complaint. **A clerk-magistrate shall not accept for filing a complaint, except as otherwise provided by law, unless it is accompanied by such a statement signed by the attorney or self-represented litigant.**

**DUTY OF THE DEFENDANT** - If the defendant believes that the statement of damages filed by the plaintiff is inadequate, the defendant may file with his/her answer a statement specifying the potential damages which may result if the plaintiff prevails.

**A CIVIL COVER SHEET MUST BE FILED WITH EACH COMPLAINT.
FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY
MAY RESULT IN DISMISSAL OF THIS ACTION.**