**United States District Court**
**District of Massachusetts**

| | |
|---|---|
| Arnold L. Pritt and Ruth A. Pritt, | ) ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) |
| John Crane Inc., | ) ) |
| Defendant. | ) ) |

Civil Action No.
20-12270-NMG

**MEMORANDUM & ORDER**

This case arises from product liability claims brought by Arnold Pritt and his wife, Ruth Pritt, ("the Pritts" or "plaintiffs") against John Crane Inc. ("John Crane" or "defendant").  Arnold Pritt was exposed to asbestos contained in John Crane's products when he served in the United States Navy. Mr. Pritt was diagnosed with malignant mesothelioma, a cancer caused by asbestos exposure, in September, 2019.

Pending before the Court is the objection of John Crane to Magistrate Judge Bowler's August 3, 2022, order denying its "partial motion" to strike the testimony of Captain Francis J. Burger.[1]  John Crane requests that this Court reverse the

---

[1] The Court remains puzzled by what is a "partial motion" and contemplates whether it should be resolved by anything more than a "partial decision."

- 1 -

findings of Magistrate Judge Bowler and enter an order excluding Captain Burger's opinions regarding product composition and warnings.

For the reasons that follow, John Crane's objection will be overruled.

## I.   <u>Background</u>

Plaintiff Arnold Pritt served in the United States Navy aboard the USS Purdy as a machinist mate from December 1961 to August 1964.  He alleges that during that time, he was exposed to airborne asbestos particles from valve and pump packing and gaskets manufactured by John Crane, Inc.

The Pritts filed suit in Middlesex County Superior Court in November, 2020 against John Crane, Air & Liquid Systems Corporation, General Electric Company and Viacom CBS Inc.  John Crane removed the case to this Court in December, 2020. Plaintiffs filed an amended complaint in April, 2021, solely against John Crane.  The Pritts' amended complaint brings claims for negligence (Count I), breach of express and implied warranties (Count II) and loss of consortium on behalf of Mrs. Pritt (Count III).

Both parties have retained multiple experts, including plaintiff's expert Captain Francis J. Burger ("Captain Burger").

Captain Burger prepared an expert witness report, a rebuttal report to defendant's expert witness report and a supplemental expert witness report.  The parties deposed Captain Burger in April, 2022.

On May 20, 2022, John Crane filed a motion for summary judgment and a motion to strike the testimony of Captain Burger. The motion for summary judgment is currently pending before this Court.  The motion to strike Captain Burger's testimony was referred to Magistrate Judge Bowler.  In June, 2022, the magistrate judge held oral argument on the motion and in August, 2022, issued an order denying John Crane's motion.  John Crane filed its objection to the order shortly thereafter.

## II.  Review of the August, 2022 Ruling by Magistrate Judge Bowler

### A.  Legal Standard

If a party timely objects to the non-dispositive rulings of a magistrate judge on pretrial matters, the district judge must modify or set aside any part of the disputed order that is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A).  As another session of this Court has noted,

> [a] respect for this standard is important, given the pivotal role that magistrate judges play in overseeing the conduct of the sort of complex pretrial discovery typified by this case.

Gargiulo v. Baystate Health Inc., 279 F.R.D. 62, 64 (D. Mass. 2012).

The "clearly erroneous" prong requires the district judge to accept the factual findings and conclusions of the magistrate judge unless, after reviewing the entire record, the district judge has a "strong, unyielding belief that a mistake has been made." Green v. Cosby, 160 F. Supp. 3d 431, 433 (D. Mass. 2016) (citing Phinney v. Wentworth Douglas Hosp., 199 F.3d 1, 4 (1st Cir. 1999)).

Under the "contrary to law" requirement, the district judge reviews pure questions of law de novo, see PowerShare, Inc. v. Syntel, Inc., 597 F.3d 10, 15 (1st Cir. 2010), and factual findings for clear error, Phinney, 199 F.3d at 4.  Mixed questions of law and fact invoke a sliding scale of review pursuant to which

> [t]he more fact intensive the question, the more deferential the level of review (though never more deferential than the clear error standard); the more law intensive the question, the less deferential the level of review.

In re IDC Clambakes, Inc., 727 F.3d 58, 64 (1st Cir. 2013) (internal quotation marks omitted).

**B.   Motion to Exclude Expert Testimony**

The admission of expert evidence is governed by Fed. R. Evid. 702, which codified the Supreme Court's holding in Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579 (1993), and its progeny. See United States v. Diaz, 300 F.3d 66, 73 (1st Cir. 2002).  Rule 702 charges a district court with determining whether: (1) "scientific, technical, or other specialized knowledge will assist the trier of fact," (2) the expert is qualified "by knowledge, skill, experience, training, or education" to testify on that subject, and (3) the expert's proposed testimony (a) is based upon "sufficient facts or data," (b) is the product of "reliable principles and methods" and (c) "applies the principles and methods reliably to the facts of the case."

The Court must be vigilant in exercising its gatekeeper role because an expert's testimony may be given substantial weight by the jury due to the expert's status, see Daubert, 509 U.S. at 595, but the Court must keep in mind that

> vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence.

Id. at 596.  If an expert's testimony is within "the range where experts might reasonably differ," the jury, not the trial court,

should be the one to decide among the conflicting views of different experts. <u>Kumho Tire Co.</u> v. <u>Carmichael</u>, 526 U.S. 137, 153 (1999).

### C.  Arguments of the Parties

In her August, 2022 order, the magistrate judge addresses John Crane's allegations that Captain Burger (1) lacks relevant expertise and (2) introduces unreliable and contradictory opinions on product composition and product warnings.  The magistrate judge found that (1) Captain Burger has sufficient relevant expertise and (2) John Crane's qualms relating to the reliability of Captain Burger's opinions go to the weight that the jury may give the evidence, rather than to admissibility.

In its objection to the order, John Crane focuses on Captain Burger's qualifications and reliability.  Defendant argues that Captain Burger admitted in deposition testimony that he is not an expert in product composition or the Navy's "warnings regime."  Defendant further submits that the magistrate judge ignored and failed to review certain evidence relating to the required use of asbestos in packing and the warnings regime when evaluating the reliability of Captain Burger's testimony.

In response, plaintiffs reiterate that Captain Burger has direct, hands-on expertise with respect to whether the Navy

required the use of asbestos in certain products and the duty
that the Navy imposed on manufacturers to warn about asbestos.
Plaintiffs emphasize that Captain Burger is an expert on
military specifications in that he has attended specification
review conferences alongside multiple manufacturers, and his
experience in fulfilling Navy contracts makes him qualified to
offer opinions on warnings.  As for reliability, the Pritts
stress that (1) the magistrate judge reviewed appropriate
evidence related to whether asbestos was required in packing and
(2) John Crane misquoted Captain Burger in an effort to
challenge his reliability.

**D.   Application**

After a careful review of the extensive record in this
case, this Court will affirm the disputed August, 2022 order of
Magistrate Judge Bowler because it is not clearly erroneous or
contrary to law.  The Court concludes that Captain Burger's
opinions should not be excluded and he should be permitted to
testify as an expert.

In the first instance, Captain Burger is qualified as an
expert based upon his decades of experience in Navy
shipbuilding.  His knowledge of Navy specifications and their
relationship to the use of asbestos in certain products and
related warnings will assist lay jurors.  It was neither clearly

- 7 -

erroneous nor contrary to law for the magistrate judge to
conclude that Captain Burger has the experience and expertise
necessary to interpret and analyze complex military
specifications.

With respect to the substance of the purported expert
testimony, the Court finds that John Crane's objections to
Captain Burger's reliability, opinions and conclusions go to his
credibility and to the weight to be afforded to his testimony.
Such matters are appropriately left to the jury to resolve.
Crowe v. Marchand, 506 F.3d 13, 18 (1st Cir. 2007); Payton v.
Abbott Labs, 780 F.2d 147, 156 (1st Cir. 1985) ("[I]t is a
matter for the jury to resolve any inconsistencies in expert
testimony.").

Defendant accuses the magistrate judge of ignoring relevant
evidence relating to the Navy's use of asbestos in product
composition and warnings.  In reality, both Captain Burger and
John Crane's expert, Captain Margaret McCloskey, debate the
correct interpretation of several military specifications with
respect to packing and warnings.  It was neither clearly
erroneous nor contrary to law for the magistrate judge to
conclude that the proper interpretation of that evidence is a
factual question for the jury. See Lawes v. CSA Architects &
Engineers LLP, 963 F.3d 72, 99 (1st Cir. 2020) ("[D]istrict

courts must not unduly scrutinize the quality of the expert's data, because such scrutiny usurps the role of the jury." (internal quotation marks omitted)).

Any issue with respect to the reliability of Captain Burger's interpretation of military specifications is not so fundamental as to render his testimony inadmissible and those issues may be vigorously challenged on cross examination. Compare WBIP, LLC v. Kohler Co., 965 F. Supp. 2d 170, 173 (D. Mass. 2013), with United States v. Candelario-Santana, 916 F. Supp. 2d 191, 204-05 (D.P.R. 2013).

### ORDER

For the foregoing reasons, John Crane's objection to the August 3, 2022, order of Magistrate Judge Bowler (Docket No. 72) is **OVERRULED**.


**So ordered.**

                              /s/ Nathaniel M. Gorton
                              Nathaniel M. Gorton
                              United States District Judge


Dated October 21, 2022