**United States District Court**
**District of Massachusetts**

```
_____
                              )
Ruth A. Pritt,                )
                              )
          Plaintiff,          )
                              )
     v.                       )     Civil Action No.
                              )     20-12270-NMG
John Crane Inc.,              )
                              )
          Defendant.          )
                              )
                              )
_____ )
```

**MEMORANDUM & ORDER**

Plaintiff Ruth Pritt ("plaintiff") filed a motion for leave to file a second amended complaint under Fed. R. Civ. P. 15(a)(2) (Docket No. 107).  Specifically, plaintiff seeks to amend the complaint and pursue certain damages, including (1) for pain and suffering and medical expenses pursuant to a survival action under general maritime law, (2) for loss of consortium and 3) for punitive damages.  The defendant John Crane Inc. ("defendant") objects that those remedies are not available under general maritime law.

In her memorandum and order ("the M&O") (Docket No. 234), Magistrate Judge Bowler allowed the motion for leave to amend. She applied general maritime law because she found that neither the Jones Act nor the Death on the High Seas Act ("DOHSA") is

applicable but that the requested remedies were, in fact, available under general maritime law.  For the reasons set forth below, this Court will sustain, in part, and overrule, in part, the ruling of Magistrate Judge Bowler.

## I. Analysis

When a district court reviews a magistrate judge's decision on a non-dispositive matter, it may modify or set aside any part of an order that is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).  Under this standard, "the district court's review is plenary." Trs. of Boston Univ. v. Everlight Elecs. Co., 2015 WL 3407555, at *2 (D. Mass. May 27, 2015).

### A. Pain and suffering damages pursuant to a survival action

#### 1. Memorandum & Order

The M&O determined that survival remedies are available under general maritime law, primarily relying on Spiller v. Thomas M. Lowe, Jr. & Assocs., Inc., 466 F.2d 903 (8th Cir. 1972).  Magistrate Judge Bowler recognized that the Supreme Court in Miles v. Apex Marine Corp., 498 U.S. 19 (1990) held there is generally no right of survival under maritime law but noted that the Court in Miles explicitly declined to decide whether Spiller and other circuit court decisions are erroneous.

**2. Defendant Objection**

Defendant argues that survival damages have never been recognized under general maritime law and asserts that the Supreme Court's decision in <u>Dutra Grp.</u> v. <u>Batterton</u>, 139 S. Ct. 2275 (2019) makes clear that the recognition of such a remedy should be left to Congress.  Defendant further contends that the M&O should have applied <u>Batterton</u>'s three-prong test.

**3. Analysis**

The survival remedy analysis in the M&O is "contrary to law" under <u>Batterton</u>.  Pursuant to the <u>Batterton</u> three-prong test, to determine whether remedies exist under general maritime law, one must first resolve whether

> (1)  the remedy has traditionally been awarded for such claims,
>
> (2)  conformity with parallel statutory schemes would require such damages, and
>
> (3)  policy grounds compel recognition of the right to recover the damages sought.

<u>Batterton</u>, 139 S. Ct. at 2283.

When analyzing the survival damages claim, the Magistrate Judge did not explicitly apply <u>Batterton</u>'s three-prong test. Rather, she only indirectly applied the first prong and then turned to a pre-<u>Miles</u> circuit opinion, <u>Spiller</u>, to find that survival remedies were traditionally available under general maritime law.

With respect to the first Batterton prong, the Magistrate Judge is correct that the Supreme Court declined to decide whether survival remedies were available during the age of sail in Miles and left untouched Spiller and other circuit decisions that found such a remedy.  This included the decision of the First Circuit Court of Appeals in Barbe, which held that

> there is a federal maritime survival action, created by decisional law, for pain and suffering prior to death.

Barbe v. Drummond, 507 F.2d 794, 799 (1st Cir. 1974).  While Barbe is no longer good law after Dooley v. Korea Air Lines Co., Ltd., 524 U.S. 116 (1998) because it impermissibly expanded recovery for survival damages in a context where DOHSA otherwise applied,

> Dooley did not specifically foreclose the possibility of crafting a general maritime survival action allowing recovery in non-DOHSA cases.

Santos v. Am. Cruise Ferries, Inc., 100 F. Supp. 3d 96, 108 (D.P.R. 2015).  The case at bar is a non-DOHSA case.

Courts have not reached a consensus as to whether survival remedies were traditionally available under maritime law but defendant's argument that Miles forecloses such remedies is not credible because the Court in Miles explicitly declined to answer this question.

Turning to the second <u>Batterton</u> prong, the two parallel statutory schemes, the Jones Act and DOHSA, are not in conformity on this issue.  As defendant's own citation acknowledges, the Jones Act permits survival damages for pain and suffering and medical expenses while DOHSA does not. <u>Mullinex</u> v. <u>John Crane Inc.</u>, 606 F. Supp. 3d 289, 295-96 (E.D. Va. 2022).  Defendants contend DOHSA should weigh more heavily on this Court's analysis, but

> [t]here is no controlling, post-<u>Batterton</u> precedent, . . . that supports analyzing one statutory scheme over another . . . .

<u>Id.</u> at 295.

In summary, the Magistrate Judge's survival remedy analysis is not "clearly erroneous" or "contrary to law" under Fed. R. Civ. P. 72(a).

**B. Loss of Consortium**

**1. Memorandum & Order**

The Magistrate Judge found loss of consortium damages available under <u>Batterton</u>'s three-prong test.  While the Jones Act and DOHSA do not allow loss of consortium damages, the Magistrate Judge concluded that the remedy was traditionally available under maritime law and policy grounds compelled recognition of the right to recover.  The decision in <u>Horsley</u> v. <u>Mobil Oil Corp.</u>, 15 F.3d 200 (1st Cir. 1994), which held damages

- 5 -

  
for loss of parental or spousal society were not recoverable in an unseaworthiness action under general maritime law, was found to be distinguishable because the case at bar does not involve an unseaworthiness claim.

The M&O also distinguished the Supreme Court decision in Miles, which recognized that

> there is no recovery for loss of society in a general maritime action for the wrongful death of a Jones Act seaman,

498 U.S. at 33, on the grounds that Miles only controls "[w]hen there is an overlap between statutory and decisional law."  The Magistrate Judge reasoned that Miles controls only when the defendant is the employer, presumably because the Jones Act then applies.

### 2. Defendant Objection

Defendant argues that Miles controls and forecloses damages for loss of consortium in a general maritime death case.  It contends that the M&O improperly distinguished Miles and Horsley due to the nature of the defendant and type of claim.  It avers that Batterton also forecloses damages for loss of consortium because there was no historical pattern of permitting such damages under maritime law and because they are not available under DOHSA or the Jones Act, which represent the parallel statutory schemes.

**3. Analysis**

The Magistrate Judge's loss of consortium damages analysis
is contrary to law under <u>Miles</u>.

The plaintiff in <u>Miles</u> brought claims under both the Jones
Act and general maritime law.  The Supreme Court found the Jones
Act precluded recovery for loss of society and held that

> there is no recovery for loss of society in a general
> maritime action for the wrongful death of a Jones Act
> seaman.

<u>Miles</u>, 498 U.S. at 33.  This is plainly contrary to the finding
of the Magistrate Judge.

In <u>Townsend</u>, the Supreme Court made clear that <u>Miles</u>
controls the availability of remedies for wrongful-death
actions. <u>Atl. Sounding Co.</u> v. <u>Townsend</u>, 557 U.S. 404, 406 (2009)
(finding punitive damages are available for maintenance and cure
claim because "**unlike wrongful-death actions**, this traditional
understanding is not a matter to which 'Congress has spoken
directly'" (quoting <u>Miles</u>, 488 U.S. at 31) (emphasis added)).
The Magistrate Judge surveyed cases that did not involve
wrongful-death claims to reach her conclusion.

She first looked past <u>Miles</u> and cites lower court opinions
to support her finding that damages for loss of consortium were
traditionally available under general maritime law.  See, <u>e.g.</u>,
<u>Pritt</u> v. <u>Air & Liquid Sys. Corp.</u>, 2022 WL 902684 (S.D.N.Y. Mar.

28, 2022); <u>Barrette</u> v. <u>Jubilee Fisheries</u>, 2011 WL 3516061 (W.D. Wash. Aug. 11, 2011).  Those decisions did not, however, address whether damages for loss of consortium were available in a general maritime wrongful-death action.  As noted above, <u>Miles</u> already answered that question.

The M&O eventually distinguished <u>Miles</u> on the basis that it dealt with a Jones Act claim in addition to a general maritime law claim.  The Magistrate Judge suggested <u>Miles</u> is only applicable "[w]hen there is an overlap between statutory and decisional law," but <u>Miles</u> cannot be read so narrowly.  The Court in <u>Miles</u> explained that neither the Jones Act nor DOHSA permits recovery for non-pecuniary loss, including loss of society, and sought to

> restore a uniform rule applicable to all actions for the wrongful death of a seaman, whether under DOHSA, the Jones Act, or general maritime law.

<u>Miles</u>, 498 U.S. at 33.  While <u>Miles</u> involved a Jones Act claim, its uniformity principle applies to the case at bar.

The Magistrate Judge acknowledged that "parallel statutory schemes, namely the Jones Act and DOHSA, do not allow such damages," but contended that policy considerations compel its conclusion.  This logic flouts <u>Batterton</u>'s holding, which directs courts to "look primarily to . . . legislative enactments for policy guidance." <u>Batterton</u>, 139 S. Ct. at 2283

(quoting <u>Miles</u>, 498 U.S. at 27).   <u>Batterton</u> does not invite

courts to engage in an independent policy analysis if the result

would contradict the guidance of Congress. <u>See</u> <u>id.</u> at 2285-86

("In contemporary maritime law, our overriding objective is to

pursue the policy expressed in congressional enactments . . .

.").

The Magistrate Judge also distinguished <u>Miles</u> because the

defendant in <u>Miles</u> was the plaintiff's employer and the

defendant here is a third-party, non-employer.  First, as the

defendant notes, two circuit courts have found that the

reasoning in <u>Miles</u> does not turn on the identity of the

defendant. <u>See</u> <u>Scarborough</u> v. <u>Clemco Indus.</u>, 391 F.3d 660, 668

n.5 (5th Cir. 2004); <u>Davis</u> v. <u>Bender Shipbuilding & Repair Co.</u>,

27 F.3d 426, 430 (9th Cir. 1994).

Second, even if this Court agreed that <u>Miles</u> does not apply

because of the identity of the defendant, the limited citations

in the M&O fail to demonstrate that loss of consortium damages

were a "well-established" tradition in general maritime law as

<u>Batterton</u> requires. <u>Batterton</u>, 139 S. Ct. at 2284.  To the

contrary, most courts have reached the opposite conclusion. <u>See</u>

<u>Elorreaga</u> v. <u>Rockwell Automation, Inc.</u>, 2022 WL 2528600, at *5

(N.D. Cal. July 7, 2022) (noting circuit courts consistently do

not find loss of consortium damages to be available under

general maritime law).[1]  In the case at bar, plaintiff concedes
that courts rarely recognized damages claims for loss of
consortium in early maritime cases because women lacked equal
rights and the harsh realities of life at sea.  In light of
Miles and Batterton, it is not the place of this Court to bestow
a common law remedy where one did not historically exist.

In summary, permitting plaintiff to seek damages for loss
of consortium would undermine uniformity between maritime
statutory law and maritime common law and would ignore the
Supreme Court's ruling in Miles.  This Court must necessarily set
aside the Magistrate Judge's ruling on loss of consortium.

**C. Punitive Damages**

**1. Memorandum & Order**

The Magistrate Judge found punitive damages available after
applying Batterton's three-prong test.  She reasoned that, while
DOHSA and the Jones Act do not permit such damages, other courts
have found there is a tradition of permitting recovery of
punitive damages under maritime law.

---

[1] Circuit courts have continued to find loss of consortium damages are not
available under general maritime law even after Townsend.  See, e.g., Doyle v.
Graske, 579 F.3d 898, 906-08 (8th Cir. 2009) (applying Townsend and finding
"there is no well-established admiralty rule . . . authorizing loss-of-
consortium damages").

**2. Defendant Objection**

Defendant again contends that <u>Miles</u> forecloses punitive damages in this case and that the three-prong test in <u>Batterton</u> leads to the same result.

**3. Analysis**

While the Supreme Court in <u>Townsend</u> recognized that "punitive damages have long been an accepted remedy under general maritime law," <u>Townsend</u>, 557 U.S. at 424, it explicitly distinguished between the maintenance and cure claim at issue and "wrongful-death actions" where "Congress has spoken directly." <u>Id.</u> at 406 (quoting <u>Miles</u>, 498 U.S. at 31).

> The <u>Townsend</u> court expressly adopted <u>Miles</u>'s reasoning by recognizing that "Congress' judgment must control the availability of remedies for wrongful-death actions brought under general maritime law." The Court could not have been clearer in signaling its approval of <u>Miles</u> when it added: "The reasoning of <u>Miles</u> remains sound."

<u>McBride</u> v. <u>Estis Well Serv., L.L.C.</u>, 768 F.3d 382, 390 (5th Cir. 2014) (quoting <u>Townsend</u>, 557 U.S. at 419-20).

Accordingly, courts have found that the general prescription in <u>Townsend</u> that punitive damages are an available remedy under general maritime law does not apply in the context of wrongful-death claims. <u>See</u> <u>id.</u> at 389-90; <u>Hackensmith</u> v. <u>Port City S.S. Holding Co.</u>, 938 F. Supp. 2d 824, 828-29 (E.D. Wisc. 2013).

Three cases are cited in the M&O to support its analysis of punitive damages.  Two of the cases do not analyze whether punitive damages are available under a wrongful-death claim. See Pritt, 2022 WL 902684 (no mention of wrongful death); Morgan v. Almars Outboards, Inc., 316 F. Supp. 3d 828 (D. Del. 2018) (non-fatal injury case).  The third case predates Townsend. Sugden v. Puget Sound Tug & Barge Co., 796 F. Supp. 455 (W.D. Wash. 1992).  None of those decisions is binding on this Court.

The Magistrate Judge recognized that neither DOHSA nor the Jones Act permits punitive damages but found policy grounds compelled her determination that punitive damages were permitted here.  She did not give sufficient weight to the parallel statutory schemes and ignored that the "overriding objective [of this Court] is to pursue the policy expressed in congressional enactments" rather than pursue policies deemed independently compelling. Batterton, 139 S. Ct. at 2285-86.

In summary, because Miles forecloses the award of punitive damages in wrongful death claims brought pursuant to general maritime law, this Court will set aside the Magistrate Judge's punitive damages ruling.

**D. State Law Applicability**

Plaintiff argues that even if admiralty law does not permit the requested damages, state law should apply.  The Magistrate Judge did not consider that argument at any length.

In any event, plaintiff's argument must be rejected.

> First Circuit precedent clearly establishes that state law remedies that are inconsistent with the federal maritime law are inapplicable.

Horsley v. Mobil Oil Corp., 825 F. Supp. 424, 427 (D. Mass. 1993), aff'd, 15 F.3d 200 (1st Cir. 1994).  Because this Court has determined that neither loss of consortium damages nor punitive damages is available under federal maritime law in the case at bar, it will not apply state law remedies.

## ORDER

For the foregoing reasons, defendant's objections (Docket No. 235) to the Memorandum and Order regarding plaintiff's motion for leave to file second amended complaint (Docket No. 234) are:

a) with respect to the availability of damages pursuant to plaintiff's survival claim, **OVERRULED**;

b) with respect to the availability of loss of consortium and punitive damages, **SUSTAINED**.

- 13 -

Plaintiff's underlying motion for leave to file second amended complaint (Docket No. 107) is, with respect to damages pursuant to her survival claim, **ALLOWED** but otherwise **DENIED**.

**So ordered.**


                                        /s/ Nathaniel M. Gorton
                                        Nathaniel M. Gorton
                                        United States District Judge


Dated:  October 12, 2023