United States District Court
District of Massachusetts

| | |
|---|---|
| Ruth A. Pritt,<br><br>      Plaintiff,<br><br>      v.<br><br>John Crane Inc.,<br><br>      Defendant. | Civil Action No.<br>20-12270-NMG |

## MEMORANDUM & ORDER

Plaintiff Ruth Pritt ("plaintiff") moves this Court to certify an order for interlocutory appeal under 28 U.S.C. § 1292(b) ("section 1292(b)") (Docket No. 249). Specifically, in response to this Court's ruling on the availability of damages (Docket No. 245), she seeks to have the First Circuit Court of Appeals ("the First Circuit") consider "whether punitive damages or loss of consortium are available . . . under maritime law." Because certification is unwarranted, this Court will deny plaintiff's motion.[1]

## I. Legal standard

Pursuant to section 1292(b), a district court may certify an otherwise non-appealable order for interlocutory review by

---

[1] Plaintiff separately filed in the Appeals Court a notice of interlocutory appeal pursuant to Fed. R. App. P. 3(c) and 28 U.S.C. § 1292(a)(3) (Docket No. 253).

- 1 -

the Court of Appeals if the order (1) involves a controlling question of law (2) as to which there are grounds for a substantial difference of opinion and (3) an immediate appeal would materially advance the ultimate termination of the litigation. Caraballo-Seda v. Municipality of Hormigueros, 395 F.3d 7, 9 (1st Cir. 2005).

The First Circuit has explained that certification of an interlocutory appeal should be used

> sparingly and only in exceptional circumstances, and where the proposed intermediate appeal presents one or more difficult and pivotal questions of law not settled by controlling authority.

Id. (quoting Palandjian v. Pahlavi, 782 F.2d 313, 314 (1st Cir. 1986)).

A question of law is "controlling" if reversal would terminate the case. Waters v. Day & Zimmermann NPS, Inc., 2020 WL 4754984, at *2 (D. Mass. Aug. 14, 2020). A controlling question typically requires the resolution of a legal concept without consideration of the record and often involves a question of constitutional or statutory interpretation. Id. Prompt resolution "generally promotes the possibility of curtailing and simplifying pretrial or trial." Id. (citation and internal quotation marks omitted).

## II. Analysis

Reversal of this Court's order regarding the availability of certain damages under maritime law would not resolve this litigation. At most, it would partially impact the damages phase of a trial. The First Circuit has made it abundantly clear that it disfavors interlocutory certification except in exceptional circumstances. See In re San Juan Dupont Plaza Hotel Fire Litig., 859 F.2d 1007, 1010 n.1 (1st Cir. 1988) (explaining instances where section 1292(b) "may appropriately be utilized will, realistically, be few and far between"). This is not one of those rare circumstances. See Lankford v. Nat'l Carriers, Inc., 2015 WL 13943400, at *1 (W.D. La. Feb. 23, 2015) (surveying case law and explaining that "[c]ourts have held that punitive damages issues do not constitute 'controlling questions of law' for purposes of section 1292(b)").

Because the ruling of this Court on the availability of damages under general maritime law does not constitute a controlling question of law for the purposes of section 1292(b), certification would be improper. See Caraballo-Seda, 395 F.3d at 9.

## ORDER

For the foregoing reasons, plaintiff's motion for certification of interlocutory appeal (Docket No. 249) is **DENIED**.

**So ordered.**

                                    /s/ Nathaniel M. Gorton
                                  Nathaniel M. Gorton
                                  United States District Judge

Dated: November 14, 2023