United States District Court
District of Massachusetts

```
                          )
Ruth A. Pritt,            )
                          )
          Plaintiff,      )
                          )
          v.              )    Civil Action No.
                          )    20-12270-NMG
John Crane, Inc.,         )
                          )
          Defendant.      )
                          )
```

MEMORANDUM & ORDER

GORTON, J.

Before the Court is the Motion of plaintiff Ruth A. Pritt ("plaintiff" or "Pritt") to Review Costs Taxed (Docket No. 415) claiming that defendant included costs for services not essential to the litigation. Because the motion was filed late and without good cause, it will be denied.

I.  **Background**

In May, 2024, a jury found defendant John Crane Inc. ("defendant" or "JCI") not liable for injuries suffered by plaintiff's decedent husband.  Pursuant to Fed.R.Civ.P. 54(d)(1) and 28 U.S.C. §1920, JCI submitted a bill of costs on July 26, 2024, requesting the Court tax plaintiff $45,239.74 for costs incurred in connection with the litigation.

On June 17, 2025, almost one year later, the Court allowed the unopposed bill of costs.  Seven days after entry of the

-1-

Order, plaintiff filed the pending motion requesting the taxed costs be limited. JCI opposes the motion as untimely and on its merits.

## II.  Discussion

### A. Standard of Review

Federal Rule of Civil Procedure 54(d)(1) states that:

> [u]nless a federal statute, these rules, or a
> court order provides otherwise, costs – other
> than attorney's fees – should be allowed to
> the prevailing party. . . . The clerk may tax
> costs on 14 days' notice.  On motion served
> within the next 7 days, the court may review
> the clerk's action.

The rule is read alongside 28 U.S.C. §1920, which enumerates what costs are taxable, requires that the requesting party file a bill of costs and permits either the judge or clerk to tax the costs. Trs. of Bos. Univ. v. Everlight Elecs. Co., 392 F. Supp. 3d 120, 134 (D. Mass. 2019).  If the clerk taxes costs, the Court may review the clerk's action pursuant to Rule 54(d)(1). See Hillman v. Berkshire Med. Ctr., Inc., 876 F. Supp. 2d 122, 125 n.1 (D. Mass. 2012).

There is a presumption in favor of awarding costs to the prevailing party, B. Fernandez & HNOS, Inc. v. Kellogg USA, Inc., 516 F.3d 18, 28 (1st Cir. 2008), and the district court maintains broad discretion over the award of such costs, Everlight, 392 F. Supp. 3d at 134.  Allowed costs are included in the judgment or decree. §1920.

**B. Motion to Review Costs taxed**

    **i. Untimeliness**

Federal courts are in disagreement as to the procedural mandate of Rule 54(d)(1). Some courts interpret the rule to bar court action until after the clerk determines what costs will be taxed. See, e.g., BDT Prods., Inc. v. Lexmark Int'l, Inc., 405 F.3d 415, 417 (6th Cir. 2005). Others interpret the rule as permitting either the Court or the Clerk to tax costs outright. Id. The latter interpretation reads Rule 54(d)(1) in conjunction with §1920 to support the rationale. McKenna v. City of Philadelphia, 582 F.3d 447, 454 n.6 (3d Cir. 2009).

The First Circuit Court of Appeals ("the First Circuit") requires that Rule 54(d)(1) and §1920 be read in tandem, In re Two Appeals Arising Out of San Juan Dupont Plaza Hotel Fire Litig., 994 F.2d 956, 962 (1st Cir. 1993), and therefore allows either judge or clerk to tax costs, see Everlight, 392 F. Supp. 3d at 134. Court review under Rule 54(d)(1) applies only if a party is seeking to challenge the clerk's decision to tax costs. See Hillman, 876 F. Supp. 2d at 125 n.1.

Notwithstanding that interpretation, courts in the First Circuit diverge with respect to how and when a losing party may oppose a prevailing party's bill of costs. This session has required that oppositions be made through a motion to disallow costs filed within 10 days of the bill of costs. Caruso v. Delta

Air Lines, Inc., 616 F. Supp. 3d 132, 135 n.1 (D. Mass. 2022). Other sessions have required the losing party to treat the bill of costs as if it were a motion to which an opposition may be filed within 14 days pursuant to Local Rule 7.1(b)(1). See, e.g., Hillman, 876 F. Supp. 2d at 125.

Plaintiff's motion is untimely under either standard. Pritt relies on precedent outside of the First Circuit for the proposition that when the Court allowed JCI's bill of costs it initiated the seven-day period under Rule 54(d)(1) for plaintiff to file a motion to review costs taxed. That is not the practice of this Court. In the First Circuit, any objection to the bill of costs must be submitted within 10 or 14 days of its filing. Plaintiff's motion was filed almost one year after the bill of costs was filed and therefore, regardless of which procedural deadline is applied, is untimely.

### ii. Excusable Neglect

A Court may, for good cause, allow an untimely motion on a showing of excusable neglect. Fed.R.Civ.P. 6(b)(1)(B). Excusable neglect is a flexible standard but it generally does not excuse counsel's inattention, carelessness or failure to follow procedural rules. Dimmitt v. Ockenfels, 407 F.3d 21, 24 (1st Cir. 2005).

The Court is unpersuaded by plaintiff's suggestion that her untimely filing should be allowed for excusable neglect because

-4-

of her counsels' good faith but mistaken belief that plaintiff's opposition to the bill of costs was not due until after the Clerk acted.  Plaintiff's misunderstanding of procedural rules does not excuse her failure to file, especially considering the costs and delay imposed upon defendant.

### iii. Merits

Because the motion is found to be untimely, the Court declines to consider its merits.

ORDER

For the forgoing reasons, the Motion to Review Costs Taxed (Docket No. 411) is **DENIED**.

**So ordered.**

Nathaniel M. Gorton
Senior United States District Judge

Dated: January /3 , 2026